**MEMPHIS FIRE INSURANCE COMPANY,**
Appellee,

v.

**George M. TIDWELL, Commissioner of Revenue, Appellant.**

Supreme Court of Tennessee.

April 16, 1973.

Rehearing Denied June 4, 1973.

David M. Pack, Atty. Gen., William B. Hubbard and Everett H. Falk, Asst. Attys. Gen., for plaintiff in error.

Goodman, Glazer, Strauch & Schneider, Memphis, for defendant in error.

OPINION

CHATTIN, Justice.

We will refer to the parties as they appeared in the trial court: that is, Memphis Fire Insurance Company as plaintiff; and George M. Tidwell, Commissioner, as defendant.

Defendant, in determining excise taxes owed by plaintiff for the years 1966 through 1969, inclusive, refused to allow a credit on said taxes the amount of taxes paid by plaintiff under T.C.A. Section 56–411, commonly referred to as the Fire Marshal's Tax.

As a result of the disallowance of the credit, the Department of Revenue assessed additional excise taxes against plaintiff for the years 1966 through 1969, inclusive, in the amount of $2,121.05, plus interest of $170.43. Plaintiff paid the tax under protest and filed this suit to recover the same.

The parties stipulated before the Chancellor that the sole issue to be resolved was whether the tax paid under T.C.A. Section 56–411 is a credit on the excise tax required to be paid by T.C.A. Section 67–2701.

The Chancellor found and decreed taxes paid in accordance with T.C.A. Section 56–411 should be credited against taxes paid in compliance with T.C.A. Section 67–2701 and ordered defendant to refund the amount paid by plaintiff under protest to plaintiff with interest.

Defendant has perfected an appeal and assigned as error the action of the Chancellor in holding the tax paid under T.C.A. Section 56–411 should be credited against the excise taxes required to be paid under T.C.A. Section 67–2701.

T.C.A. Section 67–2701 provides:

"All corporations . . . shall, without exception pay to the commissioner of revenue annually an excise tax in addition to all other taxes . . . ."

In addition, T.C.A. Section 67–2703 provides:

"The tax herein imposed shall be in addition to all other taxes and there shall be no other credit upon the tax hereby imposed except the tax provided by § 56–421."

T.C.A. Section 56–421 states that only premium taxes can be credited against excise taxes. It provides:

"The amount of the premium taxes collected under the provisions of §§ 56–405—56–418 shall be a single credit against the sum total of the taxes imposed by chapter 29 of title 67, popularly known as Franchise Tax Law, and chapter 27 of title 67, popularly known as the Excise Tax Law."

The premium tax is established by T.C.A. Section 56–408. In addition to the premium tax imposed by T.C.A. Section 56–408, fire insurance companies must pay additional funds to execute the State Fire Marshal Law as stated in T.C.A. Section 56–411, as follows:

"In addition to the premium taxes levied by § 56–408, all companies writing fire insurance shall pay one-half of one per cent (½%) on gross fire premiums paid by or for policyholders residing in this state or on property in this state for the purpose of executing the fire marshal law. This tax shall be paid at the same time and in the same manner as the tax levied upon insurance companies by said § 56–408."

T.C.A. Section 56–421 provides that only premium taxes can be applied as a credit for payment of excise taxes. Consequently, unless the obligation imposed by T.C.A. Section 56–411 can properly be classified not only as a tax but as a premium tax, no credit in accordance with T.C.A. Section 56–421 can be allowed.

The legislature chose to call the payments required by T.C.A. Section 56–411 a tax. In fact, the payments required by T.C.A. Section 56–411 are not taxes and could have been more accurately described as fees. Memphis Fire Insurance Company argues that because the legislature classified the payments as taxes the payments must be taxes, and, therefore, this Court is bound to call the payments taxes. However, this Court said in State v. Nashville,

C. & St. L. Ry., 176 Tenn. 24, 137 S.W.2d 297 (1939):

"We may repeat now a trite observation of the courts that the nature of an imposition by government is not determined by what the legislature calls it."

The payments required by T.C.A. Section 56–411 cannot accurately be classified as a tax. "To be properly defined as 'taxes' the fees must be paid into the public treasury as a part of the general revenue and be subject to disbursement for 'general public need.'" Memphis Natural Gas Company v. McCanless, 183 Tenn. 635, 194 S.W.2d 476 (1946).

In Memphis Natural Gas Company v. McCanless, supra, the Court said payments made to a special fund and designated to pay the cost of administration and supervision of public utilities could not be considered as a tax. Likewise, payments made in accordance with T.C.A. Section 56–411 cannot be classified as a tax. The funds are not paid into the general revenue account or expended for the general public need.

The funds are for the execution of the Fire Marshal Law. This Court said in Rhinehart v. State, 121 Tenn. 420, 117 S.W. 508 (1908):

"Clearly a vigorous administration of this statute (Fire Marshal Law) will afford fire insurance companies doing business in this State great protection, and be of more benefit to them than to any other class of persons or corporations."

For the foregoing reasons payments made in accordance with T.C.A. Section 56–411 cannot be considered as taxes; and, therefore, cannot be credited against excise taxes.

Assuming arguendo that the payments can be considered as taxes, they cannot be credited against the excise taxes. T.C.A. Section 56–421 states that, "the amount of premium taxes collected under the provisions of §§ 56–405—56–418 shall be a single credit against the sum total of the taxes imposed by Chapter 29 of Title 67 . . . ." However, T.C.A. Section 56–411 states, "in addition to the premium taxes levied by § 56–408, all companies writing fire premiums shall pay one-half (½%) of one per cent on gross fire premiums paid by or for policyholders residing in this state or on property in this state for the purpose of executing the fire marshal law . . . ." This language leaves a clear implication that the payments required by T.C.A. Section 56–411 are something other than premium taxes; otherwise, the statute would not have provided, "in addition to the premium taxes. . . ." Consequently, since T.C.A. Section 56–421 provides that only premium taxes can be credited against the payment of excise taxes, the payments under T.C.A. Section 56–411 cannot be credited.

The decree of the Chancellor is reversed and the suit dismissed with costs.

DYER, C. J., HUMPHREYS and McCANLESS, JJ., and WILSON, Special Judge, concur.

## ON PETITION TO REHEAR

CHATTIN, Justice.

Memphis Fire Insurance Company has filed an earnest petition to rehear. To support the petition, able Counsel make an earnest argument to the effect we erroneously held certain conclusions of fact and law; but it is only a reargument of matters considered and determined by this Court in its original opinion. It does not point out any decisive matter of law or fact overlooked. It merely reargues matters which Counsel insists were erroneously decided.

"The office of a petition to rehear is to call the attention of the court to matters overlooked, not those things which Counsel supposes were improperly decided after full consideration." West

v. Carr, 212 Tenn. 367, 370 S.W.2d 469 (1963).

The petition is denied at petitioner's cost.

DYER, C. J., HUMPHREYS and Mc-CANLESS, JJ., and WILSON, Special Judge, concur.